UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CUIZHEN SHEN,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

Case No. 21-11519
Hon. Denise Page Hood

## ORDER GRANTING PLAINTIFF'S ATTORNEY'S MOTION FOR AWARD OF ATTORNEY FEES UNDER 42 U.S.C. §406(b) [#26]

Plaintiff's counsel recently filed a Motion for Award of Attorney Fees under 42 U.S.C. § 406(b) (the "Motion"). [ECF No. 26]  Plaintiff's attorneys move the Court to award $26,566.25 out of past due Social Security insurance benefits that were paid to plaintiff, claiming that is a reasonable 42 U.S.C. §406(b) contingent attorney fee for representation of Plaintiff in this civil action. Neither the Commissioner nor the Plaintiff has filed a response or objection to the Motion.

Plaintiff retained attorney Randall Phillips ("Counsel") on October 13, 2017 to pursue her claim for Social Security Disability Income Benefits ("SSDI"). The fee agreement entered into between Plaintiff and Counsel provided that if the case resulted in an appeal of the Administrative Law Judge's ("ALJ") decision to federal court, Counsel could apply for a fee of 25% of retroactive benefits.

1

After an unfavorable decision by the ALJ on March 6, 2019, a remand by the Appeals Council of Social Security on February 10, 2020, and a second unfavorable decision by the ALJ on July 1, 2020, Plaintiff's counsel filed a Complaint in this Court on June 28, 2021. After briefing by the Plaintiff on her Motion for Summary Judgment, ECF No. 16, the Commissioner agreed to remand the case back to Social Security Administration, and the Court remanded the case accordingly. ECF Nos. 21, 22.  After remand, the ALJ issued a Fully Favorable Decision on March 1, 2023.  The Commissioner issued an Award Notice dated March 12, 2023, concluding that Plaintiff was entitled to back benefits of $106,265 and was withholding 25% of back benefits for counsel's fees, or $26,566.75.

Counsel maintains that, as a result of his diligent and persistent pursuit of benefits, Plaintiff was awarded $106,265 in retroactive benefits.  The Court agrees. Prior to Counsel filing the case in this Court, the ALJ had twice issued an unfavorable decision (including once after the matter was remanded to the ALJ by the Commissioner).  Only when Counsel filed a Motion for Summary Judgment in this case did the Commissioner agreed to remand the case, without filing its own motion for summary judgment.  The result of the remand was a fully favorable decision, a decision the Court believes likely resulted only because of Counsel's timely and effective advocacy on Plaintiff's behalf.

The Court notes that Plaintiff and Counsel have a binding retainer agreement that provides that Counsel is entitled to up to 25% of any retroactive benefits paid. The 25% contingency fee is specifically permitted under 42 U.S.C. §406(b)(1), so long as it is a reasonable fee for the representation:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the total of past due benefits . . .

*Id.*; *Gisbrecht v. Barnhart*, 122 S.Ct. 1817, 1828 & n.15 (2002); *Rodriguez v. Brown*, 865 F.2d 739, 746 (6th Cir. 1989).

For the reasons stated above, including the agreement of the parties and Counsel's role in securing Plaintiff's award on appeal before this Court, the Court concludes that the 25% fee is reasonable in this case. *See, e.g., Wladysiak v. Comm'r of Soc. Sec.,* No. 16- 12961, 2018 WL 5798584, at *2 (E.D. Mich. Oct. 17, 2018) (awarding 406(b) fees of $33,902.00); *Vanner v. Comm'r of Soc. Sec.*, Case No. 09-cv-12082, 2013 WL 1010738, at *1 (E.D. Mich. Mar. 14, 2013) (rejecting the Commissioner's assertion that 406(b) fees of $29,152.60 "is unreasonable and would result in a windfall to plaintiff's attorney in light of the time and effort expended by the lawyer" and finding that, based on the court's familiarity with the case and the work performed by Plaintiff's counsel, that the fees requested were reasonable); *Hamilton v. Comm'r of Soc. Sec.*, Case 4:10-cv-

11651-MAG-CEB, No. 09-11553, 2011 WL 10620498, at *6 (E.D. Mich. Aug. 15, 2011) (awarding 406(b) fees of $29,801.85, "to be offset by any award of EAJA fees"); *Young v. Astrue*, Case No. 06-11821, 2012 WL 3816519, at *3 (E.D. Mich. June 27, 2012) (awarding 406(b) fees of $21,000 after crediting the EAJA fees of $4,000); *Fugate v. Comm'r of Soc. Sec.*, Case No. 3:11-cv-390, 2014 WL 1091077, at *1 (S.D. Ohio Mar. 18, 2014 (awarding 406(b) fees in the amount of $25,865.25). The Court therefore holds that Counsel is entitled to $26,566.25 as a reasonable award for attorney fees pursuant to 42 U.S.C. § 406(b).

The Court notes that the Court previously awarded Counsel attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"), in the amount $8,044.40. As Counsel acknowledges, he must refund to Plaintiff the $8,044.40 EAJA fee the Court previously awarded him.

For the reasons stated above,

**IT IS ORDERED** that Plaintiff Counsel's Motion for Award of Attorney Fees [ECF No. 26, filed March 21, 2023] is **GRANTED**.

**IT IS FURTHER ORDERED** that that attorney fees be awarded to Plaintiff's counsel in the amount of $26,566.25, payable from the past due benefits Social Security insurance benefits payable to Plaintiff that were withheld by the Commissioner.

**IT IS FURTHER ORDERED** that the previously awarded EAJA fees in the amount of $8,044.80 be refunded to Plaintiff  .

IT IS SO ORDRED.

DATED: April 28, 2023

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge